OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant was convicted after a jury trial of felony murder and burglary in the third degree, charges arising from his early morning entry into the residence of Melvin Cooper. He contends that the People failed to prove that he caused Cooper’s death during the course of the burglary. The entry was made after defendant and his companions surveyed the house for some time before the break-in to determine if anyone was inside. Apparently their initial activities awakened Mr. Cooper for after defendant entered through a window he was confronted by Cooper pointing a gun at him. Cooper ordered defendant to lie face down on the floor and then notified the police. After the police came and took defendant into custody, Cooper collapsed. He died shortly afterwards at the hospital. Defendant was charged with causing Cooper’s death by myocardial infarction during the course of burglarizing the Cooper house.
The People established that Cooper had a history of heart trouble, confirmed by postmortem findings of an enlarged heart and narrowed arteries, that he exhibited signs of stress during the incident and that he collapsed suddenly during it. Moreover, the hospital record established that on his arrival *899 Cooper was in shock, he had elevated blood pressure, and his heart beat was irregular. Based upon this evidence the People’s medical expert stated her opinion that Cooper died of myocardial infarction precipitated by the stress of finding a burglar in his home. We conclude that her testimony linking the burglary and the infarction was sufficient under applicable legal standards, i.e., it was not "so baseless or riddled with contradiction that it was unworthy of belief as a matter of law” (see, People v Anthony M., 63 NY2d 270, 281; People v Stewart, 40 NY2d 692, 699). The inability of the witness to discover any postmortem clinical signs that the infarction occurred, other than a slight change in the color of the heart muscle, does not require a contrary finding. She explained that clinical evidence of infarction does not appear in the body unless the incident occurred at least 12 hours prior to death. Because Cooper died shortly after the incident no clinical signs of infarction would be expected in his case.
Defendant’s contention that he may not be guilty of felony murder unless the fact of death and also the manner in which it occurred was a foreseeable consequence of the burglary is not preserved for review because his counsel failed to except to the charge as given or request additional instructions on the point. Similarly, defendant failed to challenge his sentence before the trial court and inasmuch as his claim is that his sentence constituted cruel and inhuman punishment it is not properly before us (cf. People v Morse, 62 NY2d 205, 214; People v Fuller, 57 NY2d 152, 156, n 3).
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
Order affirmed in a memorandum.