■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE REID, Appellant.—Judgment, Supreme Court, Bronx County (Nicholas Figueroa, J.), rendered March 14, 1989, convicting defendant after jury trial of robbery in the second degree, and sentencing him to 2⅓ to 7 years imprisonment, unanimously affirmed.

Defendant's claim of a biased, confused and poorly organized jury charge is unpreserved for appellate review by appropriate objection *(see, e.g., People v Ingram,* 67 NY2d 897). Although exception was taken to certain portions of the charge, supplementary charges were requested and given, and no further exception was taken. In any event, although the trial court made minor misstatements during the charge, it is clear that the charge viewed as a whole was neither inadequate, nor imbalanced, and it adequately conveyed the appropriate standards *(see, e.g., People v Adams,* 69 NY2d 805).

There is no merit to defendant's claim that the prosecution altered the theory of prosecution. The indictment charged, *inter alia,* robbery in the first degree committed by defendant and his co-defendant "acting in concert with each other and others." The People proceeded on that theory, presenting testimony of an accomplice who testified to specific acts by defendant in furtherance of the crime. Viewing the evidence

in the light most favorable to the prosecution *(People v Contes,* 60 NY2d 620), the People fulfilled their obligation to prove the material elements of the crime as alleged in the indictment *(see, e.g., People v Charles,* 61 NY2d 321).

Defendant's claim that the trial court somehow coerced a verdict by giving a juror the impression that it believed defendant to be guilty is unpreserved for appellate review. As conceded by defendant, there is no factual record on this subject *(People v Charleston,* 54 NY2d 622). Concur—Carro, J. P., Milonas, Ellerin and Rubin, JJ.