■ In the Matter of ANTHONY MUSCATELLO, Petitioner, v NEW YORK STATE CRIME VICTIMS BOARD et al., Respondents. [735 NYS2d 216] —Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Crime Victims Board which found petitioner ineligible for monetary assistance pursuant to Executive Law article 22.

After discovering that money and other items were missing from his sandwich shop when he opened for business on several occasions, petitioner began to watch the shop from a distance during nonbusiness hours. When he saw someone enter the shop one evening, he called the police and, after the intruder left the shop, petitioner followed in his vehicle. After the police apprehended the intruder, petitioner confronted him and, according to petitioner, he began to feel a tightness in his chest. Shortly thereafter, he suffered a heart attack. Alleging

that the stress of the incident caused or contributed to his heart attack, petitioner filed a claim pursuant to Executive Law article 22 for unpaid medical expenses and other losses related to the crime. The claim was denied by respondent Crime Victims Board (hereinafter the Board) and petitioner commenced this CPLR article 78 proceeding to review the Board's determination.

The "victim of a crime" may be eligible for an award pursuant to Executive Law article 22 (Executive Law § 624 [1]) and the term "victim" includes "a person who suffers personal physical injury as a direct result of a crime" (Executive Law § 621 [5] [a]). Although petitioner was a smoker with preexisting coronary artery disease, a family history of heart disease and elevated cholesterol, his physician opined that the physical and emotional stress of the incident involving the crime at petitioner's business triggered the heart attack. Inasmuch as there is no expert opinion to the contrary, petitioner contends that the Board erred in finding that petitioner's heart attack was not the direct result of the crime. We disagree.

In contrast to *Matter of Anthony M.* (63 NY2d 270), upon which petitioner relies, petitioner had no direct contact with the intruder during the commission of the crime and was neither assaulted, threatened nor placed in an increased risk of physical injury by the intruder's conduct during the commission of the crime or immediate flight therefrom. Petitioner's confrontation with the intruder was neither unavoidable nor a direct result of the intruder's criminal conduct, which ended when the intruder left the premises (*cf., People v Ingram*, 67 NY2d 897). Rather, petitioner observed the crime against his property from a position of safety and, by immediately notifying the police, set in motion the appropriate method for apprehending the intruder. As noted by the Board, petitioner chose to follow the intruder until he was apprehended by the police. Accordingly, the Board could rationally conclude that any stress created by petitioner's pursuit of and subsequent confrontation with the intruder was a direct result of petitioner's voluntary actions and only an indirect result of the crime itself. Such a conclusion is consistent with the strict construction accorded Executive Law article 22 as a limited departure from the common law (*see, Matter of Gryziec v Zweibel*, 74 AD2d 9, 14). The determination must, therefore, be confirmed.

Spain, J. P., Carpinello, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.