■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES H. SMITH, SR., Appellant. [976 NYS2d 747]—

Garry, J. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered February 22, 2012, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.

Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with burglary in the third degree. He thereafter pleaded guilty to that crime in full satisfaction of this charge and other pending charges. As part of the plea agreement, defendant waived his right to appeal and agreed to pay restitution. County Court sentenced defendant, as a second felony offender, to a prison term of 3½ to 7 years and ordered him to pay restitution in the amount of $1,146.18. Defendant appeals, and we affirm.

Initially, we reject defendant's contention that his waiver of the right to appeal was invalid, as the plea allocution and the counseled written waiver executed in open court demonstrate that he voluntarily, knowingly and intelligently waived the right to appeal his conviction and sentence (*see People v Brown*, 101 AD3d 1267, 1268 [2012], *lv denied* 21 NY3d 1014 [2013]; *People v Jerome*, 98 AD3d 1188, 1189 [2012], *lv denied* 20 NY3d 987 [2012]). His valid appeal waiver precludes his claim that County Court should have granted him judicial diversion to a substance abuse treatment program (*see People v Ivey*, 79 AD3d 1531, 1532 [2010], *lv denied* 16 NY3d 859 [2011]; *see generally People v Lopez*, 6 NY3d 248, 255 [2006]).

Defendant's contention that his guilty plea was not knowing, voluntary and intelligent, which survives his appeal waiver, is not preserved for our review, as the record does not reveal that he made a motion to withdraw the plea or vacate the judgment of conviction (*see People v Gathers*, 106 AD3d 1333, 1334 [2013], *lv denied* 21 NY3d 1073 [2013]; *People v Leone*, 105 AD3d 1249, 1250 [2013], *lv denied* 21 NY3d 1017 [2013]). Moreover, contrary to defendant's contention, the narrow exception to the preservation rule does not apply here "as defendant did not make any statements during the plea allocution that negated a material element of the crime or otherwise cast doubt upon

[his] guilt" (*People v Ladieu*, 105 AD3d 1265, 1266 [2013], *lv denied* 21 NY3d 1017 [2013]; *see People v Teele*, 92 AD3d 972, 972 [2012]), and defendant "was not required to recite the elements of his crime or engage in a factual exposition, as his unequivocal affirmative responses to County Court's questions were sufficient to establish the elements of the crime charged" (*People v Board*, 75 AD3d 833, 834 [2010]; *accord People v Sanat*, 108 AD3d 872, 872 [2013]). Finally, defendant's claim that there is a lack of support in the record for the amount of restitution ordered is also unpreserved for our review in light of his failure to request a hearing or challenge the amount during sentencing (*see People v Thomas*, 71 AD3d 1231, 1232 [2010], *lv denied* 14 NY3d 893 [2010]; *People v Melino*, 52 AD3d 1054, 1056 [2008], *lv denied* 11 NY3d 791 [2008]).

Lahtinen, J.P., Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.