■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRADLEY J. VILLNAVE, Appellant. [984 NYS2d 704]—

Rose, J. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered July 19, 2011, convicting defendant upon his plea of guilty of the crime of attempted burglary in the third degree.

Defendant pleaded guilty to a reduced charge of attempted burglary in the third degree in full satisfaction of an amended indictment charging him with multiple counts arising out of the theft of certain snowmobiles. County Court agreed to impose a prison sentence of 2 to 4 years, direct restitution and recommend that defendant be enrolled in a shock incarceration program. Defendant was cautioned, however, that if he were to violate the conditions of his release by, among other things, testing positive for any illegal substances, the court would not be bound by its promise to recommend shock incarceration. When defendant later tested positive for cocaine use, County Court sentenced him, as a second felony offender, to a prison term of 2 to 4 years, without recommending the shock program, and directed him to pay restitution in the amount of $2,790. Defendant now appeals.*

We cannot agree with defendant's claim that the People's failure to timely file the amended indictment rendered it jurisdictionally defective. Although CPL 210.20 (6) provides a 30-day period after entry of an order reducing a count or counts of an indictment during which the People are authorized to exercise certain options, this time period acts as a stay intended to prevent an opportunistic defendant from "exercis[ing] the statu-

---

* Although defendant agreed to waive his right to appeal as part of the plea agreement, the People correctly concede that such waiver is unenforceable here "given that he was not advised that it was a right separate and distinct from the other rights that he was forfeiting by pleading guilty" (*People v Bressard*, 112 AD3d 988, 988 [2013], *lv denied* 22 NY3d 1137 [2014]).

tory right to plead guilty to the reduced indictment before the People had a fair chance to respond" (*People v Jackson*, 87 NY2d 782, 787 [1996]). The People's filing of the reduced indictment 33 days after County Court's order does not render the indictment jurisdictionally defective inasmuch as the failure to take any action within 30 days results only in the requirement that the People file the reduced indictment (*see People v Jackson*, 87 NY2d at 789).

Defendant next argues that he did not agree to the conditions of his release. This argument is unpreserved for our review, however, given defendant's failure to make an appropriate postallocution motion (*see People v Lewis*, 98 AD3d 1186, 1186 [2012]). In any event, County Court retained "discretion in overseeing and approving [the] plea bargain[ ], including the imposition of conditions" (*People v Avery*, 85 NY2d 503, 507 [1995]). County Court fully advised defendant that it would not be bound by its sentencing promise if he tested positive for drugs prior to sentencing, defendant failed to object to that condition and he subsequently tested positive for cocaine. Given the circumstances, we find no abuse of discretion in County Court's refusal to recommend defendant's placement in a shock incarceration program (*see People v Smith*, 100 AD3d 1102, 1103 [2012]; *People v Augustine*, 265 AD2d 671, 672 [1999]).

Nor do we find that County Court abused its discretion in refusing to recuse itself from presiding over defendant's sentencing based on comments the court had made at a codefendant's earlier sentencing. The comments were derived from knowledge obtained within the criminal action against defendant—namely, his criminal history and the fact that he had involved his codefendant in a criminal scheme—and they do not suggest any impermissible bias against defendant (*see People v Moreno*, 70 NY2d 403, 405-406 [1987]; *Burke v Carrion*, 101 AD3d 920, 921 [2012]; *People v Shultis*, 61 AD3d 1116, 1117 [2009], *lv denied* 12 NY3d 929 [2009]). Finally, because defendant failed to request a restitution hearing or challenge the amount set by County Court, his argument that the amount was unsupported by the evidence is unpreserved (*see People v Smith*, 112 AD3d 1232, 1233 [2013]; *People v Thomas*, 71 AD3d 1231, 1232 [2010], *lv denied* 14 NY3d 893 [2010]). Were we to consider this argument, we would find that it lacks merit.

Peters, P.J., Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.