This opinion is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------------

No. 14
The People &c.,
           Respondent,
        v.
Michael Pena,
           Appellant.

Ephraim Savitt, for appellant.
Joshua L. Haber, for respondent.

ABDUS-SALAAM, J.:

In August 2011, defendant, an off-duty New York City police officer, raped, sodomized and sexually assaulted a 25-year-old school teacher in a residential courtyard, while threatening her with his loaded, police-issued weapon. Defendant was convicted, upon a jury verdict, of three counts of predatory

- 1 -

sexual assault and three counts of criminal sexual act in the first degree.  He was sentenced to a term of 25 years in prison followed by 20 years of post-release supervision on each of the three counts of criminal sexual act and on each corresponding count of predatory sexual assault.  The sentence imposed for each of the three criminal sexual acts was run concurrently to the sentence for the corresponding predatory sexual assault, and the three "pairs" of sentences were run consecutively to each other, yielding an aggregate term of 75 years to life.[1]

The Appellate Division affirmed the judgment (126 AD3d 618 [1st Dept 2015]), concluding that the sentencing court lawfully imposed consecutive sentences for defendant's three predatory sexual assault convictions.  The Appellate Division determined that although defendant's convictions on three counts of predatory sexual assault involved a single transaction and shared the dangerous instrument element, consecutive sentences were permissible because the three criminal sexual acts were separate and distinct.  Furthermore, as relevant to this appeal, the court held, citing People v Ingram (67 NY2d 897,899 [1986]),

---

[1]The jury was deadlocked on the two counts of rape in the first degree and two corresponding counts of predatory sexual assault, and defendant subsequently pleaded guilty to all four of those counts. Pursuant to the plea agreement, the sentencing Judge imposed an aggregate prison term of 10 years to life followed by 20 years' post-release supervision on each of the two rape counts, and 10 years to life on each of the two remaining predatory sexual assault counts, which he ordered to run concurrently to the aggregate sentence previously imposed.

that defendant failed to preserve his claim that his aggregate sentence was unconstitutionally excessive under the Eighth Amendment of the United States Constitution.  The court declined to review the constitutional claim in the interest of justice and perceived no basis for reducing the sentence in the interest of justice.

Here, defendant renews his argument that his aggregate sentence violates the Eighth Amendment of the United States Constitution.  Additionally, for the first time in any court, he contends that his sentence violates Article I, Section 5 of the New York Constitution.

Defendant failed to preserve for review his claim that the sentence imposed by the court was "cruel and unusual." Although defendant generally objected to the length of the sentence before the sentencing court, arguing that the sentence was draconian, he did not alert the court to his constitutional argument.[2]  Thus, the sentencing court was never given an opportunity to address any of the constitutional challenges that defendant now lodges with this Court.  Accordingly, defendant's "claim [ ] that his sentence constituted cruel and inhuman punishment [ ] is not properly before us" (Ingram, 67 NY2d at 699; see also United States v Rivera, 546 F3d 245, 254 [2d Cir 2008]["(t)here is no reason why (the defendant's) constitutional

---

[2]Defendant's submission to this Court of sentencing statistics are irrelevant as they were not presented to the sentencing court.

challenges could not have been raised below, where he had ample
opportunity to raise them and where the district court would have
had the opportunity to address them"][internal citation and
quotation marks omitted]).

Defendant's attempt to fit himself within the narrow
exceptions to the preservation rule described by this Court in
People v Fuller (57 NY2d 152 [1982]) and People v Morse (62 NY2d
205 [1984]) is unavailing.  Fuller involved the court's
abdication of its responsibility to fix the amount and terms of
restitution, and the "essential nature" of the right to be
sentenced as provided by law (id. at 156).  And, in Morse, we
considered a court's statutory power to impose an enhanced
sentence.  Neither of those cases involved a claim that a
sentence constituted cruel and unusual punishment.  In fact, we
indicated in Ingram, citing to both Morse and Fuller, that with
respect to the rules of preservation, we were distinguishing
between Eighth Amendment claims on the one hand, and challenges
to the fundamental sentencing power of the trial court on the
other (Ingram, 67 NY2d at 899).  Furthermore, the narrow
exception to the preservation rule, where the illegality of a
sentence can readily be discerned from the trial record, is
inapplicable here (see People v Santiago, 22 NY3d 900, 903
[2013]; People v Nieves, 2 NY3d 310, 316 [2005]).

Accordingly, the order of the Appellate Division should
be affirmed.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Order affirmed.  Opinion by Judge Abdus-Salaam.  Chief Judge DiFiore and Judges Rivera, Stein, Fahey and Garcia concur.  Judge Wilson took no part.


Decided February 14, 2017