People v McDermid (2019 NY Slip Op 08340)





People v Mcdermid


2019 NY Slip Op 08340


Decided on November 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, CARNI, AND DEJOSEPH, JJ.


1134 KA 17-01078

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DERRICK W. MCDERMID, DEFENDANT-APPELLANT. 






PETER J. DIGIORGIO, JR., UTICA, FOR DEFENDANT-APPELLANT.
LEANNE K. MOSER, DISTRICT ATTORNEY, LOWVILLE, D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Lewis County Court (Daniel R. King, J.), rendered April 7, 2017. The judgment convicted defendant upon his plea of guilty of manslaughter in the first degree, assault in the first degree, assault in the second degree (two counts) and endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, manslaughter in the first degree (Penal Law § 125.20 [4]) and assault in the first degree
(§ 120.10 [3]). We agree with defendant that his oral waiver of the right to appeal from his "conviction" does not encompass his challenge to the severity of the sentence and thus does not foreclose our review of that challenge (see People v Maracle, 19 NY3d 925, 927-928 [2012]; People v Tomeno, 141 AD3d 1120, 1120 [4th Dept 2016], lv denied 28 NY3d 974 [2016]). Although defendant also executed a written waiver of the right to appeal, that waiver failed to state that defendant was waiving his right to appeal the severity of the sentence (see Tomeno, 141 AD3d at 1121). Contrary to defendant's contention, however, the sentence is not unduly harsh or severe. Defendant's further contention that the sentence constitutes cruel and unusual punishment is not preserved for our review (see People v Pena, 28 NY3d 727, 730 [2017]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
We have reviewed defendant's remaining contentions and conclude that none warrants reversal or modification of the judgment.
Entered: November 15, 2019
Mark W. Bennett
Clerk of the Court