People v Brooks (2021 NY Slip Op 04389)





People v Brooks


2021 NY Slip Op 04389


Decided on July 15, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 15, 2021

110696
[*1]The People of the State of New York, Respondent,
v
Terrance Brooks, Appellant.

Calendar Date:June 17, 2021

Before:Garry, P.J., Egan Jr., Clark, Pritzker and Colangelo, JJ.

Thomas R. Villecco, Albany, for appellant.
David J. Clegg, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.



Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered December 12, 2017, convicting defendant upon his plea of guilty of the crime of grand larceny in the fourth degree.
Defendant waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with one count of grand larceny in the fourth degree. Pursuant to a negotiated agreement, defendant agreed to plead guilty to the charged crime with the understanding that he would be sentenced — as a second felony offender — to a prison term of 1½ to 3 years. The plea agreement, which also encompassed a pending assault charge in another court, required defendant to waive his right to appeal and to make restitution in the amount of $2,000. Defendant pleaded guilty in conformity with the plea agreement, the agreed-upon sentence was imposed and, as outlined in the plea agreement, County Court ordered restitution in the amount of $2,000 (exclusive of the applicable surcharge). This appeal ensued.
Defendant was informed at the outset — and prior to waiving his right to appeal — that restitution in the sum of $2,000 was part of the negotiated plea agreement, and defendant neither requested a restitution hearing nor otherwise objected to the amount of restitution during the course of the sentencing proceeding. Accordingly, defendant's challenge to the amount of restitution ordered is both precluded by his uncontested appeal waiver (see People v Daniels, 193 AD3d 1179, 1180 [2021]; People v Perry, 168 AD3d 1287, 1288 [2019]; People v Knight, 164 AD3d 957, 958 [2018], lv denied 32 NY3d 1005 [2018]) and is unpreserved for our review (see People v Daniels, 193 AD3d at 1180; People v Ryan, 176 AD3d 1399, 1401-1402 [2019], lv denied 34 NY3d 1081 [2019]; People v Haggray, 164 AD3d 1522, 1526 [2018], lv denied 32 NY3d 1111 [2018]). Defendant's argument relative to the sufficiency of the People's proof in this regard is similarly unpreserved (see People v Villnave, 117 AD3d 1178, 1179 [2014]), and his attempt to circumvent the waiver/preservation doctrines by couching his argument as a challenge to the legality of the restitution ordered is unpersuasive. Accordingly, the judgment of conviction is affirmed.
Garry, P.J., Egan Jr., Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.