People v Parker (2021 NY Slip Op 04513)





People v Parker


2021 NY Slip Op 04513


Decided on July 22, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 22, 2021

110569
[*1]The People of the State of New York, Respondent,
v
Junior Parker, Appellant.

Calendar Date:June 17, 2021

Before:Egan Jr., J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Donna Maria Lasher, Rock Hill, for appellant.
David J. Clegg, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.



Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered June 5, 2015, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.
In full satisfaction of a seven-count indictment, defendant agreed to plead guilty to one count of criminal possession of a controlled substance in the third degree with the understanding that he would be sentenced to a prison term of eight years followed by three years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal and provided that defendant would make restitution to "CNET, New York State Police." Defendant pleaded guilty in conformity with the plea agreement, and County Court sentenced defendant as a second felony offender to the contemplated term of imprisonment and ordered restitution in the amount of $200 for buy money. This appeal ensued.
Contrary to defendant's assertion, we find that his combined oral and written waiver of the right to appeal was valid. Although County Court's explanation of the waiver "arguably could have been more expansive" (People v Charles, 163 AD3d 1362, 1362 [2018], lv denied 32 NY3d 1063 [2018]), defendant was made aware — prior to pleading guilty — that a waiver of the right to appeal was part of the plea agreement (see People v Pace, 192 AD3d 1274, 1274 [2021]; People v Bowden, 177 AD3d 1037, 1038 [2019], lv denied 34 NY3d 1157 [2020]), and County Court made clear that such waiver was separate and distinct from the trial-related rights that defendant was forfeiting by pleading guilty (see People v Williams, 185 AD3d 1352, 1353 [2020], lv denied 35 NY3d 1116 [2020]; People v Bridge, 166 AD3d 1168, 1168 [2018], lv denied 32 NY3d 1124 [2018]). Additionally, defendant executed a detailed written waiver in open court, which County Court confirmed defendant had reviewed with counsel, and defendant twice indicated that he had no questions with respect to the waiver of his appellate rights (see People v Williams, 185 AD3d at 1353; People v Salmon, 179 AD3d 1404, 1404 [2020]; People v Sassenscheid, 162 AD3d 1108, 1109 [2018]). As we are satisfied that defendant's appeal waiver was valid, his challenge to the sentence imposed as harsh and excessive is precluded (see People v Daniels, 193 AD3d 1179, 1180 [2021]).
As to the issue of restitution, because the amount of restitution to be ordered was not part of the plea agreement, defendant's challenge thereto is not precluded by his valid appeal waiver (see People v Drake, 179 AD3d 1221, 1222 [2020], lv denied 35 NY3d 941 [2020]; People v Taft, 169 AD3d 1266, 1267 [2019], lv denied 33 NY3d 1074 [2019]). That said, defendant's arguments regarding the sum at issue and/or the sufficiency of the People's proof are unpreserved for our review due to defendant's failure to request a restitution hearing or otherwise object to the amount of restitution at the time of sentencing (see People v Ryan[*2], 176 AD3d 1399, 1401-1402 [2019], lv denied 34 NY3d 1081 [2019]; People v Haggray, 164 AD3d 1522, 1526 [2018], lv denied 32 NY3d 1111 [2018]; People v Villnave, 117 AD3d 1178, 1179 [2014]). Accordingly, the judgment of conviction is affirmed.
Egan Jr., J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.