People v Pena (2022 NY Slip Op 01402)





People v Pena


2022 NY Slip Op 01402


Decided on March 03, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 03, 2022

Before: Manzanet-Daniels, J.P., Mazzarelli, Singh, Scarpulla, Higgitt, JJ. 


Ind No. 5073/15 Appeal No. 15412 Case No. 2019-4997 

[*1]The People of the State of New York, Respondent,
v
Reimy Pena, Defendant-Appellant.


Caprice R. Jenerson, Office of the Appellate Defender, New York (Stephen R. Strother of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Stephen J. Kress of counsel), for respondent.



Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered July 20, 2016, convicting defendant, upon his plea of guilty, of attempted robbery in the second degree, and sentencing him to a prison term of two years, unanimously affirmed.
Defendant has not established that the narrow exception to the preservation requirement applies to his Peque claim (see People v Peque, 22 NY3d 168, 182-183 [2013], cert denied 574 US 840 [2014]). Months before defendant's plea, the People announced, on the record in open court and in the presence of defendant, defense counsel and an interpreter, that they were serving a notice of immigration consequences (see People v Delorbe, 35 NY3d 112, 115 [2020]; People v Lopez, 198 AD3d 515 [1st Dept 2020]). Although the record does not specifically reflect that counsel handed or showed the notice to defendant, "the general rule is that when a litigant appears by an attorney, notice to the attorney will serve as notice to the client" (People ex rel. Knowles v Smith, 54 NY2d 259, 266 [1981]). Accordingly, defendant had "a reasonable opportunity to object to the plea court's failure to advise him of the potential deportation consequences of his plea, making the narrow exception to the preservation doctrine unavailable" (Delorbe, 35 NY3d at 115).
We decline to review defendant's unpreserved claim in the interest of justice. In any event, the circumstances render it highly unlikely that defendant could make the requisite showing of prejudice (see Peque, 22 NY3d at 198-201). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 3, 2022