People v Rodriguez (2022 NY Slip Op 07165)

People v Rodriguez

2022 NY Slip Op 07165

Decided on December 15, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 15, 2022

Before: Webber, J.P., Friedman, González, Mendez, JJ. 

Ind. No. 3909/15, 2891/16 Case Nos. 2017-946 Appeal No. 16891-16892 Case No. 2017-946, 2019-5147 

[*1]The People of the State of New York, Respondent,
v
Fernando Rodriguez, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Benjamin Wiener of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Alan Gadlin of counsel), for respondent.

Judgment, Supreme Court, New York County (Neil E. Ross, J.), rendered June 21, 2016, convicting defendant, upon his plea of guilty, of burglary in the third degree, and sentencing him to a term of one year; and judgment, same court (Maxwell Wiley, J.), rendered May 22, 2019, convicting him, upon his plea of guilty, of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, unanimously affirmed.
With regard to the 2016 burglary conviction, defendant's claim that his counsel rendered ineffective assistance by failing to seek a sentence that might have reduced the likelihood of deportation is unreviewable on direct appeal "because it involves matters not reflected in, or fully explained by, the record" (People v Shehu, 121 AD3d 610, 610 [1st Dept 2014], lv denied 24 NY3d 1123 [2015]). Defendant's claim under People v Peque (22 NY3d 168 [2013], cert denied 574 US 840 [2014]) is unpreserved (see People v Delorbe, 35 NY3d 112, 115 [2020]; People v Pena, 203 AD3d 446 [1st Dept 2022], lv denied 38 NY3d 1035 [2022]) and we decline to review it in the interest of justice. Furthermore, the proper remedy for a lack of proper immigration warnings by a plea court under Peque is a remand for a hearing, where the defendant is required to establish prejudice. Here, however, defendant does not want any remedy except a reduction of his sentence to 364 days, in order to avoid the particular deportation consequences of a one-year sentence. Furthermore, also for deportation-related reasons, defendant requests that this Court not reduce his sentence as a matter of discretion in the interest of justice, but instead find it to be legally defective to the extent it exceeds 364 days. However, there is no basis for such a finding.
In any event, regardless of any defects in the 2016 conviction, defendant is also deportable because of his 2019 grand larceny conviction, which we likewise affirm. "Even assuming, arguendo, that defendant's request for a reduction of his already-completed sentence to 364 days is not moot because such relief would affect his deportation situation, we perceive no basis for reducing the sentence" (People v Papanye, 159 AD3d 482, 483 [1st Dept 2018], lv denied 31 NY3d 1085 [2018]). Defendant did not preserve his claim that his sentence of 1½ to 3 years, the minimum for a second felony offender, constituted cruel and unusual punishment (People v Pena, 28 NY3d 727, 730 [2017]), and we decline to review it in the interest of justice. As an
alternative holding, we reject it on the merits (see Papanye, 159 AD3d at 483). Defendant has not shown that he is constitutionally entitled to a sentence, not otherwise permitted by law, that would improve his chances of avoiding deportation. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2022