People v Arthur (2023 NY Slip Op 00670)

People v Arthur

2023 NY Slip Op 00670

Decided on February 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2016-10671
2016-10672

[*1]The People of the State of New York, respondent,
v
Keron Arthur, appellant. (Ind. Nos. 10118/14, 10581/15)

Patricia Pazner, New York, NY (Michael Arthus and Anders Nelson of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Avshalom Yotam of counsel; Mallory Phelps on the brief), for respondent.

DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Kings County (Ruth Shillingford, J.), both rendered August 18, 2016, convicting him of burglary in the third degree under Indictment No. 10118/14, and burglary in the third degree and criminal contempt in the second degree under Indictment No. 10581/15, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
The defendant contends that the sentences imposed constitute cruel and unusual punishment under the State and Federal Constitutions in light of the immigration consequences of his sentences. This contention is unpreserved for appellate review (see CPL 470.05[2]; People v Pena, 28 NY3d 727, 730; People v Smith, 210 AD3d 1018; People v Seenarine, 206 AD3d 765, 766) and, in any event, without merit (see Fong Yue Ting v United States, 149 US 698, 730; People v Smith, 210 AD3d 1018; People v Seenarine, 206 AD3d at 766).
The sentences imposed were not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., CHRISTOPHER, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court