People v Maddox (2023 NY Slip Op 03986)

People v Maddox

2023 NY Slip Op 03986

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, OGDEN, AND GREENWOOD, JJ.

223 KA 19-01653

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAMON MADDOX, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (PAUL SKIP LAISURE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KAYLAN C. PORTER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Charles A. Schiano, Jr., J.), rendered July 9, 2019. The judgment convicted defendant, upon a nonjury verdict, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, following a bench trial, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Defendant contends that Penal Law § 265.03 is unconstitutional in light of the United States Supreme Court's decision in New York State Rifle & Pistol Assn., Inc. v Bruen (— US &mdash, 142 S Ct 2111 [2022]). Inasmuch as defendant failed to raise a constitutional challenge during the proceedings in Supreme Court, any such challenge is not preserved for our review (see People v Jacque-Crews, 213 AD3d 1335, 1335-1336 [4th Dept 2023], lv denied 39 NY3d 1111 [2023]; People v Reinard, 134 AD3d 1407, 1409 [4th Dept 2015], lv denied 27 NY3d 1074 [2016], cert denied — US &mdash, 137 S Ct 392 [2016]). Contrary to defendant's contention, his "challenge to the constitutionality of a statute must be preserved" (People v Baumann & Sons Buses, Inc., 6 NY3d 404, 408 [2006], rearg denied 7 NY3d 742 [2006]).
Contrary to defendant's further contention, the grand jury proceedings were not rendered defective by the testimony of two police officers who identified defendant as the individual depicted in certain video footage. "A lay witness may give an opinion concerning the identity of a person depicted in a surveillance [video] if there is some basis for concluding that the witness is more likely to correctly identify the defendant from the [video] than is the jury" (People v Mosley, 200 AD3d 1658, 1659 [4th Dept 2021] [internal quotation marks omitted]; see People v Castro, 207 AD3d 1027, 1029 [4th Dept 2022], lv denied 39 NY3d 985 [2022]). Here, we conclude that both officers testified to sufficient recent encounters with defendant to provide "some basis for concluding that the [officers were] more likely to identify defendant than was the [grand] jury" (Mosley, 200 AD3d at 1659).
Defendant also contends that the court erred in admitting in evidence certain audio recordings because the testifying officer lacked sufficient familiarity with defendant's voice to identify the voice on the recordings as belonging to defendant. We reject that contention. The record establishes that the officer had personal experience with defendant and had interviewed him as part of the investigation of this case (see People v Johnson, 184 AD3d 1102, 1103-1104 [4th Dept 2020], lv denied 36 NY3d 929 [2020]).
Contrary to defendant's final contention, the warrant to search defendant's cell phone was issued upon probable cause. Probable cause to support a search warrant "merely [requires] information sufficient to support a reasonable belief that . . . evidence of a crime may be found in a certain place" (People v Conley, 192 AD3d 1616, 1617 [4th Dept 2021], lv denied 37 NY3d [*2]1026 [2021] [internal quotation marks omitted]). Here, among other things, the affidavit in support of the warrant application stated that surveillance footage showed defendant standing among a group of people and using his cell phone just before a physical altercation broke out. The affidavit further stated that the surveillance footage also showed defendant firing a handgun down a crowded street shortly after the altercation. According "great deference to the issuing Judge" (People v Harper, 236 AD2d 822, 823 [4th Dept 1997], lv denied 89 NY2d 1094 [1997]), we conclude that the court properly determined that there was sufficient information in the warrant application to support a reasonable belief that evidence of a crime might be found on defendant's cell phone (see Conley, 192 AD3d at 1618).
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court