People v Garcia-Reinaldo (2024 NY Slip Op 00012)

People v Garcia-Reinaldo

2024 NY Slip Op 00012

Decided on January 4, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 4, 2024

CR-22-2019
[*1]The People of the State of New York, Respondent,
v
Ezequiel Garcia-Reinaldo, Appellant.

Calendar Date:November 17, 2023

Before:Garry, P.J., Egan Jr., Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Garufi Law PC, Binghamton (James A. Sacco of counsel), for appellant.
F. Paul Battisti, District Attorney, Binghamton (Benjamin E. Holwitt of counsel), for respondent.

Aarons, J.
Appeal from a judgment of the County Court of Broome County (Joseph F. Cawley, J.), rendered March 24, 2021, convicting defendant upon his plea of guilty of the crime of attempted assault in the first degree.
Defendant, a noncitizen of the United States, was charged in a 12-count indictment with various crimes, including attempted assault in the first degree pursuant to Penal Law §§ 110.00, 120.10 (1). Defendant thereafter pleaded guilty to attempted assault in the first degree as charged in the indictment by way of an Alford plea. Prior to sentencing, defendant obtained new counsel who submitted a presentence memorandum (see CPL 390.40). Defendant informed County Court in the memorandum that he was not seeking to withdraw his plea, instead arguing that a sentence imposed on his guilty plea would be harsh and excessive due to the deportation consequences of such a conviction. Therefore, defendant requested that he be allowed to enter a substituted plea to attempted assault in the first degree pursuant to Penal Law § 120.10 (3) or (4), contending that a conviction under either of those subsections would have more favorable immigration consequences than a conviction pursuant to Penal Law § 120.10 (1). County Court denied defendant's request and sentenced him, as a second felony offender, to five years in prison, to be followed by five years of postrelease supervision. Defendant appeals.
Initially, to the extent that defendant contends that his sentence constitutes cruel and unusual punishment, his contention is unpreserved as he did not raise this constitutional argument before County Court (see People v Pena, 28 NY3d 727, 730 [2017]). Although this Court has the authority to reduce a harsh and excessive sentence in the interest of justice (see CPL 470.15 [3] [c]; [6] [b]), defendant does not actually challenge the severity of the imposed sentence on appeal. Rather, defendant seeks to have this Court reverse his conviction and allow him to plead guilty to attempted assault in the first degree pursuant to Penal Law § 120.10 (3) or (4) so as to mitigate the deportation consequences of his conviction. Although CPL 450.30 (1) (b) entitles defendant to appeal from a sentence on the ground that it is harsh and excessive, it does not entitle him to challenge his underlying conviction under the guise of a challenge to the severity of the sentence (see People v Ramsoondar, 206 AD3d 1157, 1161 [3d Dept 2022]). As such, we have no authority to grant defendant's request premised on a claim of a harsh and excessive sentence (see id.).
Garry, P.J., Egan Jr., Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.