People v Valastro (2024 NY Slip Op 01959)

People v Valastro

2024 NY Slip Op 01959

Decided on April 11, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 11, 2024

CR-23-0071
[*1]The People of the State of New York, Respondent.
v
Carry M. Valastro, Appellant.

Calendar Date:March 22, 2024

Before:Clark, J.P., Lynch, Reynolds Fitzgerald, Fisher and Mackey, JJ.

Lisa A. Burgess, Indian Lake, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Taylor Fitzsimmons of counsel), for respondent.

Appeals (1) from a judgment of the County Court of Washington County (Kelly S. McKeighan, J.), rendered November 4, 2022, convicting defendant upon her plea of guilty of the crime of burglary in the second degree, and (2) from a judgment of said court, rendered November 4, 2022, which revoked defendant's probation and imposed a sentence of imprisonment.
In 2021, defendant was convicted of two counts of aggravated unlicensed operation of a motor vehicle in the first degree and two counts of driving while intoxicated and was sentenced to 90 days in jail and five years of probation. In July 2022, defendant admitted to violating various terms and conditions of her probation with the understanding that she would be sentenced to a prison term of one to three years, and she waived the right to appeal. Also in July 2022, defendant was arrested and charged in felony complaints with two counts of burglary in the second degree, criminal possession of stolen property in the fourth degree and petit larceny. Sentencing for the probation violation was adjourned pending the resolution of the new criminal charges.
In September 2022, defendant entered into a plea agreement whereby she waived indictment and agreed to be prosecuted by a superior court information charging her with one count of burglary in the second degree, with the understanding that she would be sentenced, as a second felony offender, to a prison term of seven years, to be followed by five years of postrelease supervision. The plea agreement also required defendant to waive the right to appeal and make restitution in the amount of $190. Consistent with the plea agreement, County Court sentenced defendant, as a second felony offender, to a prison term of seven years, to be followed by five years of postrelease supervision, and imposed restitution in the amount of $190. With regard to the probation violation, County Court revoked defendant's probation and imposed a prison term of one to three years, to be served consecutively to the sentence imposed upon her burglary in the second degree conviction. Defendant appeals.
We affirm. Defendant's sole contention on appeal is that County Court erred in imposing restitution in the amount of $190. The record reflects that defendant was informed of the amount of restitution prior to waiving her right to appeal and neither requested a restitution hearing nor otherwise objected to the amount of restitution during the sentencing proceeding. Accordingly, defendant's challenge to the amount of restitution imposed is both precluded by her unchallenged appeal waiver (see People v Brooks, 196 AD3d 914, 915 [3d Dept 2021]; People v Daniels, 193 AD3d 1179, 1180-1181 [3d Dept 2021]) and is unpreserved for our review (see People v Parker, 196 AD3d 970, 971 [3d Dept 2021]; People v Brooks, 196 AD3d at 915).
Clark, J.P., Lynch, Reynolds Fitzgerald, Fisher and Mackey, JJ., concur.
ORDERED that the judgments are affirmed.