People v Daniels (2025 NY Slip Op 03903)

People v Daniels

2025 NY Slip Op 03903

Decided on June 27, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, SMITH, NOWAK, AND HANNAH, JJ.

400 KA 18-01560

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARCUS L. DANIELS, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (AARON FRIEDMAN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (AMY N. WALENDZIAK OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Charles A. Schiano, Jr., J.), rendered February 26, 2018. The judgment convicted defendant upon a jury verdict of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Defendant's contention that Penal Law § 265.03 is unconstitutional in light of the United States Supreme Court's decision in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]) is unpreserved for our review inasmuch as he failed to raise his constitutional challenge during the proceedings in Supreme Court (see People v Bauza, 224 AD3d 1219, 1220 [4th Dept 2024], lv denied 42 NY3d 925 [2024]; People v Maddox, 218 AD3d 1154, 1154-1155 [4th Dept 2023], lv denied 40 NY3d 1081 [2023]). Defendant's attempt to circumvent the preservation doctrine by framing his argument as a constitutional challenge to his conviction rather than the statute is unpersuasive (see generally People v Brooks, 196 AD3d 914, 915 [3d Dept 2021]). Similarly, defendant's contention that the sentencing procedure pursuant to which he was adjudicated a persistent violent felony offender is unconstitutional in light of the United States Supreme Court's decision in Erlinger v United States (602 US 821 [2024]) is unpreserved for our review (see People v Hernandez, — NY3d —, 2025 NY Slip Op 00904, *3 [2025]; see generally People v Cabrera, 41 NY3d 35, 42-46 [2023]). We decline to exercise our power to review defendant's contentions as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant's contention that the sentence constitutes cruel and unusual punishment is also unpreserved for appellate review, and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see People v Pena, 28 NY3d 727, 730 [2017]; see generally People v Murray, 232 AD3d 1291, 1291-1292 [4th Dept 2024], lv denied 43 NY3d 931 [2025]). We have considered defendant's remaining contentions on appeal and conclude that they do not warrant reversal or modification of the judgment.
Entered: June 27, 2025
Ann Dillon Flynn
Clerk of the Court