People v Thompson (2025 NY Slip Op 05645)

People v Thompson

2025 NY Slip Op 05645

Decided on October 14, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 14, 2025

Before: Manzanet-Daniels, J.P., Moulton, González, Rosado, Chan, JJ. 

Ind. No. 1593/21|Appeal No. 4934|Case No. 2022-04809|

[*1]The People of the State of New York, Respondent,
v
Liz Thompson, Defendant-Appellant.

Spolin & Dukes P.C., New York (Aaron Spolin of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Franklin R. Guenthner of counsel), for respondent.

Judgment, Supreme Court, New York County (Robert M. Mandelbaum, J.), rendered October 18, 2022, convicting defendant, after a jury trial, of burglary in the first degree (two counts), assault in the first degree (two counts), and endangering the welfare of a child (three counts), and sentencing her to an aggregate prison term of 25 years and five years of post-release supervision, unanimously affirmed.
The court properly denied defendant's motion to suppress identifications made by two of the eyewitnesses. The photo array procedures were not unduly suggestive such that there was a reasonable likelihood that defendant would be singled out for identification (see People v Chipp, 75 NY2d 327, 336 [1990], cert denied 498 US 833 [1990]). All the photos in the arrays depicted women of generally similar appearance (see id.), and defendant's darker skin tone did not cause her image to stand out unfairly (see People v Villa, 174 AD3d 438, 439 [1st Dept 2019], lv denied 34 NY3d 1019 [2019]). Although the backgrounds of the photos were varying shades of grey and the background of defendant's photo was lighter than that of the others, "the color difference did not highlight defendant's photo" (People v Carter, 214 AD3d 420, 420 [1st Dept 2023], lv denied 40 NY3d 950 [2023]).
The court's COVID-19 safety protocols, which permitted jurors to wear masks covering the nose and mouth during the jury selection process and lower their masks while being questioned by the attorneys, did not deprive defendant of the ability to meaningfully participate in jury selection (People v Ramirez, 41 NY3d 406, 413 [2024], cert denied — US &mdash, 144 S Ct 2698 [2024]; People v Rodriguez, 235 AD3d 541, 541-42 [1st Dept 2025], lv denied 43 NY3d 1011 [2025]). Defendant did not preserve any claim that her right to confront adverse witnesses was violated by the court's masking protocols, and we decline to consider it in the interest of justice (see People v Johnson, 117 AD3d 637, 638-39 [1st Dept 2014], lv denied 26 NY3d 930 [2015]).
Defendant's legal insufficiency claim challenging the evidence of identity is unpreserved, and we decline to review it in the interest of justice (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492 [2008]; People v Gray, 86 NY2d 10, 20-21 [1995]). As an alternative holding, we reject the insufficiency claim on the merits. The evidence, including the testimony and identifications of two eyewitnesses and the video surveillance footage, demonstrated that defendant was the person who knowingly and unlawfully entered the apartment and repeatedly slashed the child victim's face (see Penal Law §§ 140.30, 120.10).
Several of defendant's present challenges to the prosecutor's summation are unpreserved, and we decline to consider them in the interest of justice (see People v Romero, 7 NY3d 911, 912 [2006]; People v Heide, 84 NY2d 943, 944 [1994]). As an alternative holding, we find that the prosecutor's summation did not deprive defendant of a fair trial (see People v Overlee, 236 AD2d 133, 136 [1st Dept 1997], lv denied 91 NY2d 976 [1998]). In response to defense counsel's arguments challenging the identification procedures, the credibility of the witnesses, and the surveillance videos, the prosecutor permissibly marshaled the evidence, commented on the witnesses' testimony, and urged the jury to review the surveillance video footage and compare it to other evidence. These remarks "constituted fair comment on the evidence and reasonable inferences to be drawn therefrom" (People v Harkless, 238 AD3d 646, 647 [1st Dept 2025]). The prosecutor's suggestion that defense counsel's cross examinations and arguments focused on collateral matters, diverting the jury from relevant issues, "did not exceed the broad bounds of rhetorical comment permissible in summation" (People v Torres, 220 AD2d 269, 270 [1st Dept 1995], lv denied 87 NY2d 925 [1996]).
Defendant's Eighth Amendment claim is unpreserved, and in any event without merit (see People v Ingram, 67 NY2d 897, 899 [1986]; People v Fraser, 162 AD3d 480, 482 [1st Dept 2018], lv denied 32 NY3d 1111 [2018]).
We perceive no basis for reducing her sentence in the interest of justice. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 14, 2025