People v Paucar (2025 NY Slip Op 05968)

People v Paucar

2025 NY Slip Op 05968

Decided on October 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2022-03261
 (Ind. No. 263/20)

[*1]The People of the State of New York, respondent,
v
Jaime Paucar, appellant.

Marianne Karas, Thornwood, NY, for appellant, and appellant pro se.
Susan Cacace, District Attorney, White Plains, NY (Raffaelina Gianfrancesco and William C. Milaccio of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (George E. Fufidio, Jr., J.), rendered March 28, 2022, convicting him of aggravated vehicular homicide (two counts), manslaughter in the second degree (two counts), assault in the second degree, assault in the third degree, aggravated driving while intoxicated, driving while intoxicated, reckless driving, and leaving the scene of an incident without reporting (two counts), after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, after a nonjury trial, of multiple crimes relating to his operation of a motor vehicle while intoxicated. At trial, evidence was presented that, among other things, while driving in a westbound direction on the eastbound portion of Interstate 287, the defendant collided head-on with another vehicle, causing the death of the other driver and the passenger seated behind that driver and injuring the other two passengers in that vehicle. That other vehicle contained three teenaged boys on their way to a basketball game and was operated by the father of the boy seated in the front passenger seat. At the close of the People's case, the defendant moved to dismiss the top two counts, which charged depraved indifference murder. The County Court denied the motion, and the trial proceeded to verdict, at which time the court, inter alia, acquitted the defendant of those counts. The defendant appeals.
The defendant's contention that the County Court improperly denied his motion to dismiss the counts of depraved indifference murder is academic, as the defendant was acquitted of those counts, and the record demonstrates that the defendant was not prejudiced at trial by any delay in resolving those counts in his favor (see CPL 470.15[1]; People v Overton, 229 AD3d 570, 570; People v Sheehan, 106 AD3d 1112, 1112).
Contrary to the defendant's further contention, he was not deprived of the effective assistance of counsel. The record as a whole establishes that defense counsel competently represented the defendant and provided meaningful representation (see People v Caban, 5 NY3d 143, 154-156; People v Patierno, 240 AD3d 516, 521).
Contrary to the contentions raised in his main brief and in his pro se supplemental brief, the sentence imposed upon the defendant was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's contention that his sentence constituted cruel and unusual punishment is unpreserved for appellate review (see CPL 470.05[2]; People v Pena, 28 NY3d 727, 730) and, in any event, without merit.
DILLON, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court