[846 NE2d 457, 813 NYS2d 27]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v BAUMANN & SONS BUSES, INC., Respondent.

Argued February 15, 2006; decided March 23, 2006

## POINTS OF COUNSEL

*Vincent J. Messina, Jr., Town Attorney,* Islip (*Robert L. Cicale* of counsel), for appellant. I. The Appellate Term erred in finding the accusatory instrument to be defective due to a purported failure to allege the nature of the nuisance. (*People v Canner,* 40 NY2d 886; *People v Bakolas,* 59 NY2d 51.) II. The Islip town noise ordinance is both constitutional on its face as enacted by the Islip Town Board and as applied in the instant case. (*Marcus Assoc. v Town of Huntington,* 45 NY2d 501; *Lighthouse Shores v Town of Islip,* 41 NY2d 7; *People v Bakolas,* 59 NY2d 51; *People v Frie,* 169 Misc 2d 407; *People v Byron,* 17 NY2d 64; *People v New York Trap Rock Corp.,* 57 NY2d 371.) III. The judgment of the trial court should be affirmed since sufficient evidence was presented at trial to support the verdict of guilty. (*People v Byron,* 17 NY2d 64.)

*Hamburger, Maxson, Yaffe, Wishod, Knauer & Rothberg, LLP,* Melville (*Richard Hamburger* and *William P. Caffrey, Jr.* of counsel), for respondent. I. The People failed to allege the public nature of the nuisance. (*People v Kings County Iron Foundry,* 209 NY 207; *People v Rubenfeld,* 254 NY 245; *People v Chesnick,* 302 NY 58; *People v Munafo,* 50 NY2d 326; *People v Most,* 171 NY 423; *People v Canner,* 88 Misc 2d 85, 40 NY2d 886; *McFarlane v City of Niagara Falls,* 247 NY 340; *Copart Indus. v Consolidated Edison Co. of N.Y.,* 41 NY2d 564; *People v Bakolas,* 59 NY2d 51.) II. The evidence at trial was legally insufficient to support defendant's conviction. III. Definition "A" of the Town of Islip noise ordinance was unconstitutionally vague on its face. (*Hill v Colorado,* 530 US 703; *Ulster Home Care v Vacco,* 96 NY2d 505; *People v Stuart,* 100 NY2d 412; *People v New York Trap Rock Corp.,* 57 NY2d 371; *People v Bakolas,* 59 NY2d 51; *People v Geel,* 180 Misc 2d 272; *People v Donato,* 179 Misc 2d 192; *People v Kleber,* 168 Misc 2d 824; *People v Lord,* 7 Misc 3d

78; *People v O'Connell*, 4 Misc 3d 54.) IV. The Town of Islip noise ordinance is unconstitutional as applied to defendant. (*Town of Concord v Duwe*, 4 NY3d 870; *People v Stuart*, 100 NY2d 412; *People v New York Trap Rock Corp.*, 57 NY2d 371; *Suffolk Outdoor Adv. Co. v Hulse*, 43 NY2d 483; *Modjeska Sign Studios v Berle*, 43 NY2d 468; *Village of Hempstead v SRA Realty Corp.*, 208 AD2d 713; *Affronti v Crosson*, 95 NY2d 713.)

## OPINION OF THE COURT

Chief Judge KAYE.

Defendant was charged with violating Islip Town Code § 35-3 (D), which prohibits unreasonable engine noise. After a nonjury trial, District Court found defendant guilty, concluding that the People had proved beyond a reasonable doubt that on the date in question, defendant continuously operated approximately 50 bus engines for several hours beginning at 5:30 A.M. The court further found that the operation of these engines was audible beyond the real property where it originated and thereby disturbed the individual named complainant.

The Appellate Term reversed the judgment of conviction and dismissed the information, holding that "[i]t is well settled that anti-noise statutes are designed to prevent those noises which are of such a pitch as to constitute a public nuisance and a wrong against the community, and are therefore the proper subject of public prosecution. These statutes are reserved for situations that go beyond the concern of the individual to a point where they become a potential or an immediate public problem" (7 Misc 3d 128[A], 2005 NY Slip Op 50488[U], *1 [App Term, 2d Dept 2005] [citations omitted]).

Although the intermediate appellate courts have broad power to review questions of fact, as well as broad discretionary powers (*see* CPL 470.15), this Court, as a court of limited jurisdiction, may, with few exceptions, consider only questions of law (*see* NY Const, art VI, § 3 [a]; *see also* CPL 470.35). A

> "question of law with respect to a ruling . . . of a criminal court during a trial or proceeding is presented when a protest thereto was registered, by the party claiming error, at the time of such ruling . . . or at any subsequent time when the court had an opportunity of effectively changing the same" (CPL 470.05 [2]).

Thus, only questions that "have been properly preserved for

review by appropriate motion or objection in the court of first instance[ ] may be brought before the Court of Appeals" (Karger, Powers of the New York Court of Appeals § 1:3, at 9 [3d ed rev]).

As both parties acknowledge, the validity of the Islip ordinance was not challenged before the trial court. Accordingly, the issue whether an anti-noise statute requires an element of public nuisance—as the Appellate Term concluded—is unpreserved for our review (*see* CPL 470.05 [2]). Although the Appellate Term recited that its reversal was on the law, that court necessarily decided the unpreserved issue within its interest-of-justice jurisdiction (*see People v Johnson*, 47 NY2d 124, 126 [1979]; CPL 470.15 [3] [c]). As the intermediate appellate court reversed the conviction on the basis of an unpreserved error, and therefore as a matter of discretion in the interest of justice, its order is not appealable to this Court (*see People v Dercole*, 52 NY2d 956, 957 [1981]; *People v Cona*, 49 NY2d 26, 33 [1979]; *see also* CPL 450.90 [2] [a]; 470.35 [2]).

The People correctly point out that a claim that an accusatory instrument is facially insufficient presents a jurisdictional question exempt from the requirement of preservation (*see People v Alejandro*, 70 NY2d 133 [1987]). Here, however, the alleged error involved not a claim that the information failed to set forth factual allegations sufficient to establish any particular element of the charged anti-noise offense as set forth in the Islip Town Code (*see* CPL 100.40 [1] [c]), but rather that an anti-noise statute must contain an additional element neither found in the text of the ordinance nor previously read into the statute by a construing court. The trial court was never asked to undertake any such construction.

Islip Town Code § 35-3 (D) classifies as a violation the "operation, including the stationary idling, of any engine, including, but not limited to, an automobile, truck, motorcycle, motorbike, motorboat or minibike engine, so as to create a noise disturbance." A "noise disturbance" is defined as "[t]hat level of sound which . . . [a]nnoys or disturbs a reasonable person of normal auditory sensitivities" (Islip Town Code § 35-2 [A]).

The accusatory instrument here alleged that at a specific time and place, the continuous running of defendant's bus engines "annoyed and disturbed the undersigned complainant, a reasonable person of normal auditory sensitivities, i.e., a person of average tolerance, without any hearing enhance-

ment or impairment." By its plain terms, the ordinance proscribes sound that annoys or disturbs "a" reasonable person of normal auditory sensitivities. The information thus contained allegations sufficient to establish, if true, every element of the offense as defined in the Islip Town Code. "So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading" (*People v Casey*, 95 NY2d 354, 360 [2000]).

In dismissing the accusatory instrument as "defective," the Appellate Term faulted the failure of the information to allege that the noise disturbance claimed to have been caused by defendant constituted a public nuisance. However, assuming that such a requirement exists, it arises not from the ordinance as adopted by the Islip Town Board, but from this Court's precedent suggesting that an anti-noise statute proscribing merely private disputes may be unconstitutionally vague (*see People v New York Trap Rock Corp.*, 57 NY2d 371, 380 [1982]; *People v Bakolas*, 59 NY2d 51, 53-54 [1983]).

A challenge to the constitutionality of a statute must be preserved (*see e.g. People v Davidson*, 98 NY2d 738 [2002]). This requirement is no mere formalism, but ensures that the drastic step of striking duly enacted legislation will be taken not in a vacuum but only after the lower courts have had an opportunity to address the issue and the unconstitutionality of the challenged provision has been established beyond a reasonable doubt (*see e.g. Matter of Van Berkel v Power*, 16 NY2d 37, 40 [1965]). Moreover, while courts must construe statutes so as to preserve their constitutionality whenever possible (*see People v Epton*, 19 NY2d 496, 505 [1967]), an appellate court is not required to undertake such a construction when no constitutional issue has been raised below. For this Court to consider a constitutional claim in the guise of an argument that the accusatory instrument is facially insufficient would permit an end run around the parties' obligation to preserve constitutional claims before the trial court. Thus, despite our denial of defendant's previous motion to dismiss the appeal, after full briefing and argument by the parties we conclude that dismissal is required.

Accordingly, the appeal should be dismissed.

Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur.

Appeal dismissed on the ground that the reversal by the Appellate Term was not "on the law alone or upon the law and such facts which, but for the determination of law, would not have led to reversal" (CPL 450.90 [2] [a]).