■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
KENNETH MOORE, Also Known as JAMES JACKSON, Appellant.
[878 NYS2d 6]—

Judgment, Supreme Court, New York County (Maxwell Wiley, J.), rendered November 15, 2006, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of 4½ years, unanimously affirmed.

The record taken as a whole (*see People v Providence*, 2 NY3d 579, 583 [2004]) demonstrates that defendant made a knowing and intelligent waiver of his right to counsel, and that the court's inquiry into defendant's request to proceed pro se was sufficient in light of all the surrounding circumstances (*see People v Reifsteck*, 134 AD2d 876 [1987], *lv denied* 70 NY2d 1010 [1988]; *People v Whitted*, 113 AD2d 454, 458 [1985], *lv denied* 67 NY2d 952 [1986]). Defendant had a lengthy criminal history and had just completed representing himself at trial on very similar charges, and with the use of the same advisor who advised him in this case. Moreover, defendant told the court he wished to proceed pro se "for the time being." This equivocal statement, coupled with the apparent lead role his legal advisor took during subsequent plea negotiations, is akin to a situation where a defendant merely participates in his or her defense, rather than completely waiving the right to counsel (*see People v Cabassa*, 79 NY2d 722, 730-731 [1992], *cert denied sub nom. Lind v New York*, 506 US 1011 [1992]). The record supports the conclusion that when defendant pleaded guilty, his legal advisor played essentially the same role he would have played had defendant not requested to represent himself. Furthermore, the disposition, in which defendant's sentence ran concurrently with a longer sentence he was already serving, was very favorable, and there is no reason to doubt the attorney rendered sound advice to accept the plea.

Since defendant pleaded guilty with the assistance of new counsel, he forfeited the right to argue that he was denied the opportunity to testify before the grand jury as a result of his prior attorney's conduct (*see People v Petgen*, 55 NY2d 529, 534-535 [1982]; *People v Profitt*, 23 AD3d 238 [2005]; *People v Bostick*, 235 AD2d 287 [1997], *lv denied* 89 NY2d 1089 [1997]). In any event, even assuming the prior attorney withdrew defendant's request to testify without consulting her client, this did not constitute ineffective assistance (*see People v Simmons*,

10 NY3d 946, 949 [2008]; *People v Wiggins*, 89 NY2d 872 [1996]; *People v Nobles*, 29 AD3d 429 [2006], *lv denied* 7 NY3d 792 [2006]; *see also People v Cox*, 19 Misc 3d 1129[A], 2007 NY Slip Op 52553[U] [Sup Ct, NY County 2007]; *compare People v Mason*, 263 AD2d 73, 76-77 [2000] [represented defendant retains personal right to testify at *trial*]). Since defendant has not made any showing of what testimony he would have given or how it might have affected the outcome of the grand jury proceeding, he has not established any prejudice. Concur—Saxe, J.P., Friedman, Sweeny, Acosta and Freedman, JJ.