# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**173**

**KA 11-02530**

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

KENNETH R. ORTIZ, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

MARCEL J. LAJOY, ALBANY, FOR DEFENDANT-APPELLANT.

JOSEPH V. CARDONE, DISTRICT ATTORNEY, ALBION (KATHERINE BOGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered September 26, 2011. The judgment convicted defendant, upon his plea of guilty, of grand larceny in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of grand larceny in the fourth degree (Penal Law § 155.30 [1]), defendant contends that he was denied effective assistance of counsel based upon the failure of his original attorney to facilitate his testimony before the grand jury and by his new attorney's failure to move to dismiss the indictment pursuant to CPL 190.50 (5) (c) based upon the alleged violation of his right to testify before the grand jury. Inasmuch as that contention does not impact the voluntariness of defendant's plea, it is foreclosed by his waiver of the right to appeal (*see People v Bonner*, 21 AD3d 1184, 1185-1186, *lv denied* 6 NY3d 773; *People v Carroll*, 21 AD3d 586, 586-587) and the guilty plea (*see People v Turner*, 40 AD3d 1018, 1019, *lv denied* 9 NY3d 882; *People v Vincent*, 305 AD2d 1108, 1109, *lv denied* 100 NY2d 588). In addition, because "defendant pleaded guilty with the assistance of new counsel, he forfeited the right to argue that he was denied the opportunity to testify before the grand jury as the result of the prior attorney's conduct" (*People v Weems*, 61 AD3d 472, 472, *lv denied* 13 NY3d 750; *see People v Moore*, 61 AD3d 494, 495, *lv denied* 12 NY3d 918).

We reject defendant's contention that the fine imposed as part of his sentence is illegal in view of the People's concession that the stolen property was returned and he realized no financial gain from the crime (*see People v McFarlane*, 18 AD3d 577, 578, *lv denied* 5 NY3d

791).  Defendant's further contention that the amount of the fine is unduly harsh and severe survives his waiver of the right to appeal because that amount was not included in the terms of the plea bargain (*see People v Etkin*, 284 AD2d 579, 580-581, *lv denied* 96 NY2d 862). Defendant, however, failed to preserve his challenge to the amount of the fine for our review (*see id.* at 581), and we decline to exercise our power to address it as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]).

Entered:  March 15, 2013                      Frances E. Cafarell
                                               Clerk of the Court