People v Jacque-Crews (2023 NY Slip Op 00785)

People v Jacque-crews

2023 NY Slip Op 00785

Decided on February 10, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, BANNISTER, MONTOUR, AND OGDEN, JJ.

1024 KA 19-00316

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DEVINE D. JACQUE-CREWS, DEFENDANT-APPELLANT. 

ERIK TEIFKE, ACTING PUBLIC DEFENDER, ROCHESTER (CLEA WEISS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Charles A. Schiano, Jr., J.), rendered April 23, 2018. The judgment convicted defendant upon a jury verdict of criminal possession of a weapon in the second degree (two counts) and criminal possession of a weapon in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]; [3]) and one count of criminal possession of a weapon in the third degree (§ 265.02 [3]). The charges arose from an incident in which defendant displayed a handgun during an altercation with several other people, left the scene in a black Mercedes, returned and displayed a handgun again, and then left the scene again in the same vehicle. He fled from that vehicle after it was stopped by the police a short time later, and a firearm was recovered from a backpack that Rochester police officers located on the path defendant took when he ran. We affirm.
Initially, defendant contends that all three crimes are facially unconstitutional under the Second Amendment of the United States Constitution in light of the United States Supreme Court's decision in New York State Rifle & Pistol Assn., Inc. v Bruen (— US &mdash, 142 S Ct 2111 [2022]). As defendant correctly concedes, his challenge to the constitutionality of the statutes is not preserved for our review inasmuch as he failed to raise any such challenge during the proceedings in Supreme Court (see People v Reese, 206 AD3d 1461, 1462-1462 [3d Dept 2022]; People v Gerow, 85 AD3d 1319, 1320 [3d Dept 2011]; cf. People v Hughes, 22 NY3d 44, 48-49 [2013]; see generally People v Reinard, 134 AD3d 1407, 1409 [4th Dept 2015], lv denied 27 NY3d 1074 [2016], cert denied — US &mdash, 137 S Ct 392 [2016]). Contrary to defendant's contention, we conclude that his constitutional challenge is not exempt from the preservation rule (see People v Thomas, 50 NY2d 467, 472-473 [1980]; cf. People v Patterson, 39 NY2d 288, 296 [1976], affd 432 US 197 [1977]; see generally People v Baumann & Sons Buses, Inc., 6 NY3d 404, 408 [2006], rearg denied 7 NY3d 742 [2006]).
Defendant's contention that the court erred in refusing to suppress the handgun that the police recovered from the backpack that he abandoned during his flight from the police is "based on a ground not raised before the suppression court and thus is unpreserved for our review" (People v Poole, 55 AD3d 1354, 1355 [4th Dept 2008], lv denied 11 NY3d 929 [2009]; see People v Zuke, 87 AD3d 1290, 1291 [4th Dept 2011], lv denied 18 NY3d 887 [2012]; cf. People v Walls, 37 NY3d 987, 989 [2021]). Although defendant contended at the suppression hearing that the police lacked reasonable suspicion to stop the vehicle in which he was riding, he did not challenge the reliability of the citizen who called 911 to report the incident, nor did he challenge the arresting officer's reliance on the ensuing radio dispatch. "Under the fellow officer rule, [a] police officer is entitled to act on the strength of a radio bulletin . . . from a fellow officer or [*2]department and to assume its reliability . . . Under those circumstances, the agency or officer transmitting the information presumptively possesses the requisite [reasonable suspicion] . . . However, where . . . defendant challenges the reliability of the information transmitted to the arresting officers, the presumption of [reasonable suspicion] disappears and it becomes incumbent upon the People to establish that the officer or agency imparting the information . . . in fact possessed [reasonable suspicion] to act" (People v Searight, 162 AD3d 1633, 1634-1635 [4th Dept 2018] [internal quotation marks omitted]; see People v Landy, 59 NY2d 369, 375 [1983]; see also People v Fenner, 61 NY2d 971, 973 [1984]). Inasmuch as defendant did not challenge the reliability of the radio transmissions at the suppression hearing, the People were not obligated, contrary to defendant's contention, to establish that the officer or agency imparting the information possessed reasonable suspicion to act (see People v Shabazz, 289 AD2d 1059, 1059-1060 [4th Dept 2001], cert denied 537 US 1165 [2003], affd 99 NY2d 634 [2003], rearg denied 100 NY2d 556 [2003]).
Defendant further contends that the court erred in admitting in evidence at trial the recording of the 911 call, in which the caller reported defendant's initial display of the weapon and then excitedly informed the 911 operator that defendant had returned and was again displaying a weapon as the caller spoke. Defendant raised a hearsay objection, and the court concluded that the recording was admissible for nonhearsay purposes because it was not admitted for the truth of the matter asserted. Assuming, arguendo, that the court erred in admitting the recording under that rationale (see e.g. People v Almonte, 160 AD3d 594, 594 [1st Dept 2018], affd 33 NY3d 1083 [2019]; People v Buie, 201 AD2d 156, 158-160 [4th Dept 1994], affd 86 NY2d 501 [1995]), we conclude that any error in admitting the recording was harmless (see People v Spencer, 96 AD3d 1552, 1553 [4th Dept 2012], lv denied 19 NY3d 1029 [2012], reconsideration denied 20 NY3d 989 [2012]). Defendant further contends that the court erred in failing to give a limiting instruction regarding the evidence, despite its promise to do so. That contention is not preserved for our review (see People v Hymes, 174 AD3d 1295, 1299 [4th Dept 2019], affd 34 NY3d 1178 [2020]; People v Cartagena, 170 AD3d 451, 451 [1st Dept 2019], lv denied 33 NY3d 1029 [2019]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
The sentence is not unduly harsh or severe.
Entered: February 10, 2023
Ann Dillon Flynn
Clerk of the Court