People v Nixon (2023 NY Slip Op 06630)

People v Nixon

2023 NY Slip Op 06630

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, MONTOUR, GREENWOOD, AND NOWAK, JJ.

841 KA 19-02341

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LAMARK NIXON, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (JONATHAN GARVIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Charles A. Schiano, Jr., J.), rendered October 21, 2019. The judgment convicted defendant upon his plea of guilty of attempted criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him following a plea of guilty of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]), defendant contends that Penal Law § 265.03 is unconstitutional in light of the United States Supreme Court's decision in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]). Inasmuch as defendant failed to raise a constitutional challenge to the statute before Supreme Court, any such contention is not preserved for our review (see People v Jacque-Crews, 213 AD3d 1335, 1335-1336 [4th Dept 2023], lv denied 39 NY3d 1111 [2023]; People v Reinard, 134 AD3d 1407, 1409 [4th Dept 2015], lv denied 27 NY3d 1074 [2016], cert denied 580 US 969 [2016]), and we decline to exercise our power to review defendant's unpreserved contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]). Contrary to defendant's contentions, his "challenge to the constitutionality of a statute must be preserved" (People v Baumann & Sons Buses, Inc., 6 NY3d 404, 408 [2006], rearg denied 7 NY3d 742 [2006]; see People v Cabrera, — NY3d &mdash, 2023 NY Slip Op 05968, *2-7 [2023]) and the mode of proceedings exception to the preservation requirement does not apply (see People v Adames, 216 AD3d 519, 520 [1st Dept 2023], lv denied 40 NY3d 949 [2023]). 
Although defendant also contends that his waiver of the right to appeal is invalid, we note that resolution of that issue is of no moment inasmuch as his challenge with respect to the constitutionality of Penal Law § 265.03 would survive even a valid waiver of the right to appeal (see People v Benjamin, 216 AD3d 1457, 1457 [4th Dept 2023]; see also People v Jordan, 169 AD3d 1357, 1358 [4th Dept 2019]).
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court