People v Bauza (2024 NY Slip Op 00497)

People v Bauza

2024 NY Slip Op 00497

Decided on February 2, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, NOWAK, DELCONTE, AND KEANE, JJ.

19 KA 20-01574

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MATTHEW BAUZA, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (CLEA WEISS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (AMY N. WALENDZIAK OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Charles A. Schiano, Jr., J.), rendered March 16, 2020. The judgment convicted defendant upon his plea of guilty of criminal sale of a controlled substance in the third degree (six counts), criminal possession of a weapon in the second degree, criminal possession of a controlled substance in the third degree (two counts), and criminally using drug paraphernalia in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his guilty plea of, inter alia, six counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and one count of criminal possession of a weapon in the second degree
(§ 265.03 [3]). Defendant contends that Penal Law § 265.03 is unconstitutional in light of the United States Supreme Court's decision in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]). Inasmuch as defendant failed to raise a constitutional challenge to the statute during the proceedings in Supreme Court, any such challenge is unpreserved for our review (see People v Maddox, 218 AD3d 1154, 1154-1155 [4th Dept 2023], lv denied 40 NY3d 1081 [2023]; People v Jacque-Crews, 213 AD3d 1335, 1335-1336 [4th Dept 2023], lv denied 39 NY3d 1111 [2023]). Contrary to defendant's contention, his "challenge to the constitutionality of a statute must be preserved" (People v Baumann & Sons Buses, Inc., 6 NY3d 404, 408 [2006], rearg denied 7 NY3d 742 [2006]; see People v Cabrera, — NY3d &mdash, &mdash, 2023 NY Slip Op 05968, *2-7 [2023]) and the mode of proceedings exception to the preservation requirement does not apply (see People v David, — NY3d &mdash, &mdash, 2023 NY Slip Op 05970, *3-4 [2023]; People v Adames, 216 AD3d 519, 520 [1st Dept 2023], lv denied 40 NY3d 949 [2023]).
Defendant further contends that he was denied effective assistance of counsel on the ground that his attorney failed to effectuate his intent to testify before the grand jury. That contention "does not survive his guilty plea . . . because there was no showing that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of his attorney['s] allegedly poor performance" (People v Dean, 48 AD3d 1244, 1245 [4th Dept 2008], lv denied 10 NY3d 839 [2008] [internal quotation marks omitted]; see People v Halsey, 108 AD3d 1123, 1123-1124 [4th Dept 2013]; People v Ortiz, 104 AD3d 1202, 1202-1203 [4th Dept 2013]).
Finally, the sentence is not unduly harsh or severe.
Entered: February 2, 2024
Ann Dillon Flynn
Clerk of the Court