People v Williams (2024 NY Slip Op 00707)

People v Williams

2024 NY Slip Op 00707

Decided on February 9, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, NOWAK, AND KEANE, JJ.

80 KA 21-00758

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANDRE D. WILLIAMS, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (CLEA WEISS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MERIDETH H. SMITH OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered April 5, 2021. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his guilty plea, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). We affirm.
Defendant contends that Penal Law § 265.03 (3) is unconstitutional under New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]). Defendant failed to raise a constitutional challenge before Supreme Court, however, and therefore any such contention is unpreserved for our review (see People v Jacque-Crews, 213 AD3d 1335, 1335-1336 [4th Dept 2023], lv denied 39 NY3d 1111 [2023]; see generally People v Davidson, 98 NY2d 738, 739-740 [2002]; People v Reinard, 134 AD3d 1407, 1409 [4th Dept 2015], lv denied 27 NY3d 1074 [2016], cert denied 580 US 969 [2016]). Defendant's "challenge to the constitutionality of [the] statute must be preserved" (People v Baumann & Sons Buses, Inc., 6 NY3d 404, 408 [2006], rearg denied 7 NY3d 742 [2006]; see People v Cabrera, — NY3d —, 2023 NY Slip Op 05968, *2-7 [2023]).
Similarly, because he did not move to withdraw his guilty plea or to vacate the judgment of conviction, defendant failed to preserve for our review his contention that he did not knowingly, voluntarily, and intelligently enter the plea (see generally People v Shanley, 189 AD3d 2108, 2108 [4th Dept 2020]). Moreover, the narrow exception to the preservation rule set forth in People v Lopez (71 NY2d 662, 666 [1988]) does not apply here.
We agree with defendant, and the People correctly concede, that his waiver of the right to appeal is invalid (see People v Thomas, 34 NY3d 545, 564-566 [2019], cert denied — US —, 140 S Ct 2634 [2020]). However, contrary to defendant's contention, his sentence is not unduly harsh or severe.
Entered: February 9, 2024
Ann Dillon Flynn
Clerk of the Court