People v Sapp (2024 NY Slip Op 01640)

People v Sapp

2024 NY Slip Op 01640

Decided on March 22, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, OGDEN, GREENWOOD, AND KEANE, JJ.

178 KA 20-00985

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JEFFREY SAPP, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Charles A. Schiano, Jr., J.), rendered July 22, 2020. The judgment convicted defendant upon a guilty plea of attempted criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]), defendant contends that Penal Law § 265.03 is unconstitutional in light of the United States Supreme Court's decision in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]). Defendant failed to raise a constitutional challenge before the trial court, however, and therefore any such contention is unpreserved for our review (see People v Jacque-Crews, 213 AD3d 1335, 1335-1336 [4th Dept 2023], lv denied 39 NY3d 1111 [2023]; see generally People v Davidson, 98 NY2d 738, 739-740 [2002]; People v Reinard, 134 AD3d 1407, 1409 [4th Dept 2015], lv denied 27 NY3d 1074 [2016], cert denied 580 US 969 [2016]). Contrary to defendant's contention, his "challenge to the constitutionality of [the] statute must be preserved" (People v Baumann & Sons Buses, Inc., 6 NY3d 404, 408 [2006], rearg denied 7 NY3d 742 [2006]; see People v Cabrera, — NY3d &mdash, &mdash, 2023 NY Slip Op 05968, *2-7 [2023]). We decline to exercise our power to review defendant's constitutional challenge as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
As defendant contends and the People correctly concede, we need not consider whether he validly waived his right to appeal inasmuch as his challenge with respect to the constitutionality of Penal Law § 265.03 would survive even a valid waiver (see People v Benjamin, 216 AD3d 1457, 1457 [4th Dept 2023]; see generally People v Lopez, 6 NY3d 248, 255 [2006]).
Entered: March 22, 2024
Ann Dillon Flynn
Clerk of the Court