People v Parker (2025 NY Slip Op 00599)

People v Parker

2025 NY Slip Op 00599

Decided on January 31, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., MONTOUR, OGDEN, DELCONTE, AND HANNAH, JJ.

945 KA 19-00783

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DARRYL B. PARKER, JR., DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Charles A. Schiano, Jr., J.), rendered February 14, 2019. The judgment convicted defendant upon his plea of guilty of criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [3]), defendant contends that Penal Law § 265.03 is unconstitutional in light of the United States Supreme Court's decision in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]). Inasmuch as defendant failed to raise a constitutional challenge to the statute before Supreme Court, his contention is not preserved for our review (see People v Nixon, 222 AD3d 1384, 1385 [4th Dept 2023], lv denied 41 NY3d 943 [2024]; People v Jacque-Crews, 213 AD3d 1335, 1335-1336 [4th Dept 2023], lv denied 39 NY3d 1111 [2023]; People v Reinard, 134 AD3d 1407, 1409 [4th Dept 2015], lv denied 27 NY3d 1074 [2016], cert denied 580 US 969 [2016]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Although defendant also contends that his waiver of the right to appeal is invalid, we note that resolution of that issue is of no moment inasmuch as his challenge to the constitutionality of Penal Law § 265.03 would survive even a valid waiver of the right to appeal (see Nixon, 222 AD3d at 1385; People v Benjamin, 216 AD3d 1457, 1457 [4th Dept 2023]; see also People v Jordan, 169 AD3d 1357, 1358 [4th Dept 2019]).
Entered: January 31, 2025
Ann Dillon Flynn
Clerk of the Court