People v Vega (2025 NY Slip Op 03773)

People v Vega

2025 NY Slip Op 03773

Decided on June 24, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 24, 2025

Before: Moulton, J.P., Gesmer, Scarpulla, Rosado, O'Neill Levy, JJ. 

SCI No. 75/20|Appeal No. 4612|Case No. 2020-02147|

[*1]The People of the State of New York, Respondent,
v
Pedro Vega, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Nathan R. Brown of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Joshua P. Weiss of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Shahabuddeen Ally, J., at plea; Michael Hartfolis, J., at sentencing), rendered February 26, 2020, convicting defendant, upon his guilty plea, of failure to verify registration information (Corrections Law § 168-f[4]), and sentencing him to a jail term of three months, unanimously affirmed.
Defendant's voluntary waiver of his right to appeal precludes our review of his claim that Correction Law § 168-f(4) was unconstitutionally vague as applied to him (see People v Johnson, 225 AD3d 453, 453-454 [1st Dept 2024], lv granted 42 NY3d 939 [2024]), because it demanded his address when he was homeless and had none (cf. People v Allen, 213 AD3d 73 [1st Dept 2023]).
As an alternative holding, we find that defendant's constitutional claim, which asks us to construe the address reporting requirement in Correction Law § 168-f(4) in the same manner as we did the parallel requirement in subsection 168-f(3) in Allen, is unpreserved (see People v Bauman & Sons Buses, Inc., 6 NY3d 404, 408 [2006]; People v Allen, 206 AD3d 539 [1st Dept 2022], appeal decided by 213 AD3d 73 [1st Dept 2023]). In light of the consequent absence of a factual record of defendant's whereabouts at the relevant times, we decline to review it in the interest of justice.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 24, 2025