People v Knox (2025 NY Slip Op 03892)

People v Knox

2025 NY Slip Op 03892

Decided on June 27, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, GREENWOOD, AND KEANE, JJ.

343 KA 22-01389

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMIL KNOX, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (RYAN P. ASHE OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Karen Bailey Turner, J.), rendered August 4, 2022. The judgment convicted defendant, upon a nonjury verdict, of manslaughter in the first degree and criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a nonjury verdict, of manslaughter in the first degree (Penal Law § 125.20 [1]) and two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]).
Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction inasmuch as he failed to renew his motion for a trial order of dismissal after presenting evidence (see People v Hines, 97 NY2d 56, 61 [2001], rearg denied 97 NY2d 678 [2001]; People v Brooks, 139 AD3d 1391, 1392-1393 [4th Dept 2016], lv denied 28 NY3d 1026 [2016]; People v Nichols, 89 AD3d 1503, 1504 [4th Dept 2011]). Nevertheless, "we necessarily review the evidence adduced as to each of the elements of the crimes in the context of our review of defendant's challenge regarding the weight of the evidence" (People v Desmond, 224 AD3d 1303, 1304 [4th Dept 2024], lv denied 41 NY3d 964 [2024] [internal quotation marks omitted]; see People v Danielson, 9 NY3d 342, 349-350 [2007]). Viewing the evidence in light of the elements of the crimes in this nonjury trial (see Danielson, 9 NY3d at 349), we reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant further contends that Penal Law § 265.03 is unconstitutional in light of the United States Supreme Court's decision in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]). Inasmuch as defendant failed to raise a constitutional challenge to the statute before County Court, any such contention is not preserved for our review (see People v Jacque-Crews, 213 AD3d 1335, 1335-1336 [4th Dept 2023], lv denied 39 NY3d 1111 [2023]; People v Reinard, 134 AD3d 1407, 1409 [4th Dept 2015], lv denied 27 NY3d 1074 [2016], cert denied 580 US 969 [2016]), and we decline to exercise our power to review defendant's unpreserved contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Entered: June 27, 2025
Ann Dillon Flynn
Clerk of the Court