People v Berkley (2025 NY Slip Op 05162)

People v Berkley

2025 NY Slip Op 05162

Decided on September 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 25, 2025

Before: Webber, J.P., Kapnick, Gesmer, Higgitt, Hagler, JJ. 

Ind. No. 70946/23|Appeal No. 4736|Case No. 2023-05623|

[*1]The People of the State of New York, Respondent,
v
Jelani Berkley, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Davd J. Klem of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Christopher P. Marinelli of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Audrey E. Stone, J.), rendered September 27, 2023, convicting defendant, upon his plea of guilty, of assault in the second degree, and sentencing him to a jail term of six months, with five years of probation, unanimously affirmed.
Defendant validly waived his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US __, 140 S Ct 2634 [2020]), which forecloses review of his excessive sentence claim. In any event, we perceive no basis for reducing the sentence.
Defendant's challenge to the condition of his probation requiring him to "[a]void injurious or vicious habits; refrain from frequenting unlawful or disreputable places; and . . . not consort with disreputable people" pursuant to Penal Law § 65.10(2) survives defendant's waiver of the right to appeal and does not require preservation (see People v Alvarez, 233 AD3d 619, 620 [1st Dept 2024], lv denied 43 NY3d 961 [2024]). Nevertheless, the court providently exercised its discretion in deeming this condition "reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him to do so" (Penal Law § 65.10 [1]), given his criminal history of trespass, drug possession, and aggression toward others, as well as the Department of Probation's recommendation that defendant participate in anger management services based on the violent nature of his actions in the underlying offense.
Defendant's valid waiver of his right to appeal forecloses review of his facial constitutional challenges to the probation condition under the First Amendment and the vagueness doctrine (see People v Johnson, 225 AD3d 453, 454 [1st Dept 2024], lv granted 42 NY3d 939 [2024]; People v Lowndes, 239 AD3d 574, 575 [1st Dept 2025]). In any event, those claims are unpreserved, and we decline to review them in the interest of justice (see People v Cabrera, 41 NY3d 35, 42-51 [2023]; Lowndes, 239 AD3d at 575; see also People v Baumann & Sons Buses, Inc., 6 NY3d 404, 408 [2006]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 25, 2025