People v Chance (2025 NY Slip Op 05580)

People v Chance

2025 NY Slip Op 05580

Decided on October 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 09, 2025

Before: Kern, J.P., Friedman, Kapnick, Gesmer, Rodriguez, JJ. 

Ind No. 72384/23|Appeal No. 4893|Case No. 2024-01981|

[*1]The People of the State of New York, Respondent,
v
Choncey Chance, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (David J. Klem of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Nathan Morgante of counsel), for respondent.

Judgment, Supreme Court, New York County (Cori Weston, J.), rendered March 7, 2024, convicting defendant, upon his plea of guilty, of criminal possession of a firearm, and sentencing him to three years of probation, unanimously affirmed.
Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545, 563-566 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]), as "[t]he combination of the court's colloquy and the detailed written waiver that defendant signed after consultation with counsel satisfied the requirements of a valid waiver" (People v Hammond, 217 AD3d 484, 484 [1st Dept 2023], lv denied 40 NY3d 997 [2023]). In any event, we perceive no basis for reducing the sentence.
Defendant's challenge to the condition of his probation requiring him to "[a]void injurious or vicious habits; refrain from frequenting unlawful or disreputable places; and . . . not consort with disreputable people" pursuant to Penal Law § 65.10(2) does not require preservation (see People v Lowndes, 239 AD3d 574, 575 [1st Dept 2025]). Nevertheless, the court providently exercised its discretion in finding this condition "reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him to do so," given his possession of a firearm and bullets, criminal history of attempted petit larceny and aggression toward others, and reported daily use of marijuana (Penal Law § 65.10[1], [2]; see Lowndes at 575).
Defendant's facial constitutional challenges to the probation condition under the First Amendment and the vagueness doctrine are unpreserved, and we decline to review them in the interest of justice (see People v Baumann & Sons Buses, Inc., 6 NY3d 404, 408 [2006]).THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 9, 2025