People v Holguin (2025 NY Slip Op 06141)

People v Holguin

2025 NY Slip Op 06141

Decided on November 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 06, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Pitt-Burke, Rosado, Chan, JJ. 

Ind No. 73095/23|Appeal No. 5131|Case No. 2024-01808|

[*1]The People of the State of New York, Respondent,
v
Albert Holguin, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (David J. Klem of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Nathan Morgante of counsel), for respondent.

Judgment, Supreme Court, New York County (Laura A. Ward, J., at plea; Ruth Pickholz, J., at sentencing), rendered February 16, 2024, convicting defendant of attempted assault in the second degree, and sentencing him to 5 years probation, unanimously modified, on the law, to the extent of striking the condition of probation prohibiting defendant "from wearing or displaying gang paraphernalia" or "having any association with a gang or members of a gang if directed by the Department of Probation," and otherwise affirmed.
Defendant validly waived his right to appeal (see People v Thomas, 34 NY3d 545, 559 [2019], cert denied 589 US —, 140 S Ct 2634 [2020]), which forecloses review of his excessive sentence claim. In any event, we perceive no basis for reducing the sentence.
Defendant's challenges to two of his probation conditions as unrelated to his rehabilitation do not require preservation and survive his waiver of the right to appeal (see People v Alvarez, 233 AD3d 619, 620 [1st Dept 2024], lv denied 43 NY3d 961 [2025]). In this regard, the court providently deemed the condition of defendant's probation requiring him to "[a]void injurious or vicious habits; refrain from frequenting unlawful or disreputable places; and . . . not consort with disreputable people" pursuant to Penal Law § 65.10(2)(a) and (b), as "reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him to do so" (Penal Law § 65.10[1]), given his history of mental health issues, substance abuse, the Department of Probation's recommendation that he participate in substance abuse treatment, and his aggressive conduct and use of a weapon in the instant case (see e.g. People v Lombard, 241 AD3d 1126 [1st Dept 2025]; People v Lowndes, 239 AD3d 574, 575 [1st Dept 2025]).
However, the probation condition requiring defendant to "[r]efrain from wearing or displaying gang paraphernalia and having any association with a gang or members of a gang if directed by the Department of Probation" must be stricken, as there is no evidence that defendant's crime was connected to any gang activities or that he has any history of gang membership or gang affiliation (see People v Vasquetelles, 241 AD3d 1208 [1st Dept 2025]; cf. Alvarez, 233 AD3d at 620). Accordingly, this condition was not reasonably necessary to further defendant's rehabilitative prospects based on his background and proclivities (see People v Hale, 93 NY2d 454, 461-462 [1999]; see also United States v Sims, 92 F4th 115, 120, 126-129 [2d Cir 2024]).
Defendant's valid appellate waiver forecloses review of his facial constitutional challenges to the probation conditions under the vagueness doctrine and the First Amendment (see People v Berkley, 241 AD3d 1167 [1st Dept 2025]). In any event, these
claims are unpreserved, and we decline to review them in the interest of justice (see People v Cabrera, 41 NY3d 35, 42-51 [2023]; see generally People v Baumann & Sons Buses, Inc., 6 NY3d 404, 408 [2006]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 6, 2025