People v Jhowalli S. (2026 NY Slip Op 00320)

People v Jhowalli S.

2026 NY Slip Op 00320

Decided on January 22, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 22, 2026

Before: Manzanet-Daniels, J.P., Webber, Friedman, González, Michael, JJ. 

Ind No. 72681/23|Appeal No. 5645|Case No. 2024-04591|

[*1]The People of the State of New York, Respondent,
vJhowalli S., Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Emilia King-Musza of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Katherine A. Triffon of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Steven J. Hornstein, J.), rendered July 12, 2024, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree, adjudicating him a youthful offender, and sentencing him to a term of three years of probation, unanimously affirmed.
While defendant, who was barred from obtaining a gun license because he was under 21 years old, has standing to assert his constitutional challenges to the "good moral character" and age requirements in New York's gun licensing law in light of New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]) (see People v Johnson, — NY3d —, 2025 NY Slip Op 06528, *2 [2025]), the latter challenge is unpreserved because it was not asserted in the trial court (see People v Cabrera, 41 NY3d 35, 42 [2023]), and both are without merit. We held in People v Guzman (237 AD3d 570 [1st Dept. 2025], lv denied 44 NY3d 993 [2025]), that the defendant's challenge to the good moral character requirement "as arbitrary and not founded in objective requirements" was unavailing, and, on several occasions, that New York's age restriction on gun licensing does not offend the Second Amendment (see e.g. People v Maldonado, 230 AD3d 1069 [1st Dept 2024], lv denied, 42 NY3d 1053 [2024]).
Defendant's excessive sentence claim is foreclosed by his valid waiver of the right to appeal (see Guzman, 237 AD3d at 570). As an alternative holding, we perceive no basis for reducing defendant's sentence.
"Defendant's valid waiver of his right to appeal forecloses review of his constitutional as-applied challenges to the probation condition under the First Amendment and the vagueness doctrine of due process under the Fifth and Fourteenth Amendments" (People v Lowndes, 239 AD3d 574, 574 [1st Dept 2025], lv denied 44 NY3d 1012 [2025]; see also Johnson, 2025 NY Slip Op 06528, *2). In any event, his claims are unpreserved, and we decline to review them in the interest of justice (see People v Cabrera, 41 NY3d 35, 42-51 [2023]; see also People v Baumann & Sons Buses, Inc., 6 NY3d 404, 408 [2006]).
Defendant's challenges to the conditions of his probation requiring him to "[a]void injurious or vicious habits; refrain from frequenting unlawful or disreputable places; and . . . not consort with disreputable people" under Penal Law § 65.10 (1) and "refrain from wearing or displaying gang paraphernalia and having any association with a gang or members of a gang if directed by the Department of Probation" survives defendant's waiver of the right to appeal and does not require preservation (see People v Alvarez, 233 AD3d 619, 620 [1st Dept 2024]). However, the court providently deemed these conditions "reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him to do so," given that defendant, 18 at the time of the incident, was found in possession of a pistol, admitted to a prior gun conviction in Connecticut while in high school, reportedly used marijuana on a daily basis, admitted that he "associates with negative peers," and his mother stated that his friends were a negative influence (see Penal Law § 65.10 [1], [2]; Lowndes, 239 AD3d at 575; cf. People v Vasquetelles, 241 AD3d 1208, 1209 [1st Dept 2025]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 22, 2026