Matter of Muladzhanov v City of New York (2026 NY Slip Op 00320)

Matter of Muladzhanov v City of New York

2026 NY Slip Op 00320

Decided on January 27, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 27, 2026

Before: Webber, J.P., Gesmer, Higgitt, Michael, Chan, JJ. 

Index No. 157542/20|Appeal No. 5691|Case No. 2024-02658|

[*1]In the Matter of Abram Muladzhanov et al., Petitioners-Appellants,
vThe City of New York, et al., Respondents-Respondents.

Pardalis & Nohavicka, LLP, New York (Israel Klein of counsel), for appellants.
Muriel Goode-Trufant, Corporation Counsel, New York (Lauren L. O'Brien of counsel), for respondent.

Order and judgment (one paper), Supreme Court, New York County (Debra A. James, J.), entered on or about March 18, 2024, which granted the motion of respondents to deny the petition and dismiss the article 78 proceeding, and to dismiss the purported class action complaint, unanimously affirmed, without costs.
As to petitioners request for article 78 review, the 2017 notices of liability (NOLs) issued to Binyamin Schwartz and Abram Muladzhanov contained the necessary information and explained how to contest them pursuant to Vehicle and Traffic Law § 1180-b(g)(3). By pleading guilty and paying the speeding fines, Schwartz and Muladzhanov waived any challenge to their 2017 NOLs (see Hadden v Consolidated Edison Co. of N.Y., 45 NY2d 466, 469 [1978]). Schwartz and Muladzhanov also failed to exhaust their administrative remedies as to their 2017 NOLs before commencing this article 78 proceeding (see Smilow v New York City Dept. of Fin. Parking Violations Adjudications Div., 68 AD3d 413, 414 [1st Dept 2009], lv denied 15 NY3d 703 [2010]). Thus, petitioners may not challenge these NOLs.
As to the 2017 NOL issued to George Pringle, petitioners argue that the certificate charging the liability required pursuant to Vehicle and Traffic Law § 1180-b(g)(2) and the technician certificate providing prima facie evidence of a violation pursuant to Vehicle and Traffic Law § 1180-b(d) are one and the same, and a NOL that does not contain a technician certificate is invalid. This argument is unavailing. Neither the statute nor any other relevant law appears to further define the contents or form of the "certificate charging the liability," respondents may determine the form it takes (see Matter of Raritan Dev. Corp. v Silva, 91 NY2d 98, 102 [1997]; see also 19 RCNY 39-21[c]). Here, respondents properly treat the certificate charging the liability as essentially analogous to, but distinct from, the NOL. The absence of an express obligation to include the technician certificate with the NOL "suggests that the Legislature intended no such additional obligations" (People v Finnegan, 85 NY2d 53, 58 [1995], cert denied 516 US 919 [1995]). Further, the technician certificate provides prima facie evidence of the veracity of the liability charged in the NOL.
Petitioners argue that the daily set-up logs associated with the 2017 NOLs were deficient but fail to point to any authority requiring that signed daily set-up logs are necessary to substantiate a NOL. Petitioners also argue that the 2019 NOLs were deficient because proper traffic warning signs were not posted on the street at the time they were issued. However, petitioners did not produce any evidence as to the form or content of the warning signs at the administrative hearing, and so this issue may not be considered as part of the article 78 proceeding (see Matter of Fanelli v New York City Conciliation & Appeals Bd., 90 AD2d 756, 757 [1st Dept 1982], affd 58 NY2d 952 [1983]).
Petitioners' due process arguments are similarly unavailing where they were afforded notice of the violation and the opportunity to challenge the violation at a hearing. These procedures were constitutionally sufficient to comport with pre-deprivation due process requirements (see Matter of Serby v City of New York, 215 AD3d 438, 439 [1st Dept 2023], lv denied 40 NY3d 907 [2023]), and a post-deprivation article 78 proceeding provides sufficient due process review of the administrative process (see Green v Department of Educ. of City of New York, 16 F4th 1070, 1077 [2d Cir 2021]). Additionally, because the NOLs resulted in civil penalties, petitioners did not have confrontation rights under either the federal or state constitutions (see Serby, 215 AD3d at 439).
Petitioners' additional claims on behalf of themselves and other prospective class members were properly dismissed, and the court correctly declined to reach the question of whether a class of petitioners (or plaintiffs) should be certified. The Vehicle and Traffic Law § 1180-b does not confer a private right of action (see Ortiz v Ciox Health LLC, 37 NY3d 353, 360 [2021]). Moreover, petitioners' tort claims sounding in fraud and misrepresentation, as well as their requests for relief, are based on conclusory assertions unsupported by the record.
We have considered petitioners' remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 27, 2026