People v J.R. (2026 NY Slip Op 01170)

People v J.R.

2026 NY Slip Op 01170

Decided on March 03, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 03, 2026

Before: Webber, J.P., Shulman, Higgitt, Rosado, Hagler, JJ. 

Ind. No. 71568/23, 71747/23|Appeal No. 5994-5994A|Case No. 2024-01784|

[*1]The People of the State of New York, Respondent,
vJ.R., Defendant-Appellant. 

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Alec Miran of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (T. Charles Won of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Audrey Stone, J., at plea; Jeffrey Rosenblueth, J., at sentencing), rendered February 23, 2024, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree, adjudicating him a youthful offender, and sentencing him to a prison term of 1⅓ to 4 years, unanimously affirmed. Judgment, same court (Jeffrey Rosenblueth, J.), rendered February 23, 2024, convicting defendant, upon his plea of guilty, of assault in the first degree, adjudicating him a youthful offender, and sentencing him to a concurrent prison term of 1⅓ to 4 years, unanimously affirmed.
While defendant, who, had he applied for a gun license would have been barred from obtaining one because he was under 21 years old, has standing to assert his Second Amendment challenge to the age requirement in New York's gun licensing law in light of New York State Rifle & Pistol Association, Inc. v Bruen (597 US 1 [2022]) (see People v Johnson, — NY3d &mdash, 2025 NY Slip Op 06528, *6 [2025]; People v Jhowalli S., — AD3d — , 2026 NY Slip Op 00320, *1 [1st Dept 2026]), the challenge is without merit. Defendant has failed to establish that his conviction is unconstitutional under Bruen, and this Court has previously held that New York's age restriction on gun licensing does not offend the Second Amendment (see Jhowalli S., 2026 NY Slip Op 00320, *1, citing People v Maldonado, 230 AD3d 1069, 1070 [1st Dept 2024], lv denied 42 NY3d 1053 [2024]).
Defendant's challenge to the "good moral character" licensing requirement under Penal Law § 400.00(1)(b) is unpreserved for our review, as he did not raise this argument in his motion to dismiss the indictment (see People v Cabrera, 41 NY3d 35, 42 [2023]; People v Watts, 234 AD3d 620, 621 [1st Dept 2025], lv denied 43 NY3d 1059 [2025]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits (see People v Guzman, 237 AD3d 570, 571 [1st Dept 2025], lv denied 44 NY3d 993 [2025]).
We perceive no basis for reducing the sentence.
We have considered defendant's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 3, 2026